In the Matter of MARTIN SEMEL, as Father and Natural Guardian of RHONDA SEMEL, an Infant, Respondent, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, Appellant, et al., Respondent.

Third Department, July 31, 1986

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Leslie B. Neustadt* of counsel), for appellant.

*Azzara & Baram (Martin Semel* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

Petitioner, a resident of Nassau County, is the adoptive father of Rhonda Semel, born October 25, 1966. Rhonda has been classified as an emotionally disturbed child by the Committee on the Handicapped (COH) of her resident school district. Based upon this classification, the COH placed her in the Devereux School in Pennsylvania in May 1975 and she remained there until May 1984, when she was expelled due to her uncontrolled aggressive behavior. The Devereux School recommended that Rhonda be placed in the Brown School, a private residential school in Austin, Texas, which contained a more suitable and structured environment for her condition. Petitioner requested the COH to effect the recommended transfer. The COH replied that while it would work with petitioner to find a new placement for Rhonda, it could not recommend the Brown School since it had been removed from respondent Commissioner of Education's list of approved schools in 1979 for failure to comply with this State's billing practices.

The COH, with the aid of the Long Island Advisory Center, a nonparty here, contacted "virtually every school on the approved list * * * to explore the possibility of placement for Rhonda, but each and every school rejected Rhonda's placement". At his own expense and on his own initiative, petitioner placed Rhonda at the Brown School. Neither the COH nor the Commissioner has recommended placement at any other school.

Petitioner then initiated this CPLR article 78 proceeding to compel the Commissioner to provide Rhonda with the appropriate free education to which she is constitutionally entitled and for a judgment reimbursing petitioner for the funds (in excess of $35,000) already expended by him to the Brown School on Rhonda's behalf. The Commissioner moved to dis-

miss the petition for failure to state valid grounds for the relief requested and for petitioner's failure to exhaust his administrative remedies. Special Term converted the proceeding to an action for a declaratory judgment and denied the Commissioner's motion to dismiss, except insofar as it dismissed that part of the petition which sought reimbursement for petitioner's tuition at the Brown School with leave to pursue such claim in the Court of Claims. The Commissioner has appealed and argues principally that the proceeding should have been dismissed in its entirety due to petitioner's failure to exhaust his available administrative remedies. We agree and reverse that part of the judgment of Special Term which holds to the contrary.

The Education of the Handicapped Act (EHA) (20 USC § 1400 *et seq.)* was enacted by Congress to provide handicapped children with access to public education. The act provides Federal funding to State and local education agencies which further the object and purposes of EHA. This State has adopted a State implementation plan and administrative procedures to comply with EHA *(see,* Education Law art 89; 8 NYCRR part 200). Local Boards of Education have established COHs to identify, review and evaluate the status of each handicapped child in the school district and to make recommendations as to their placement (Education Law § 4402; 8 NYCRR 200.2, 200.3, 200.4). Local COHs are required to evaluate a child within 30 days and to recommend a placement within a similar time frame (8 NYCRR 200.4 [c], [d]). If parents are dissatisfied with the recommendation of the local COH or if the COH fails to find an appropriate placement within 30 days as required, they must appeal the recommendation or lack thereof to an impartial hearing officer appointed by the local Board of Education (Education Law § 4404 [1]; 8 NYCRR 200.5 [c]). After a hearing, the hearing officer makes a recommendation to the Board of Education (8 NYCRR 200.5 [c] [10]), and from a determination of the Board an appeal lies to the Commissioner (Education Law § 4404 [2]; 8 NYCRR 200.5 [d]). The Department of Education is authorized to contract with educational facilities outside the State when there are no appropriate public or private facilities within the State (Education Law § 4407 [1] [a]). Neither the COH nor the local Board of Education is authorized to recommend placement to an out-of-State residential facility which has not been approved by the Commissioner (Education Law § 4402 [2] [b] [2], [3]; § 4401 [2] [h]).

Due to petitioner's lack of compliance with these statutory procedures, his proceeding must fail. When the COH here was unable to recommend an appropriate placement for Rhonda, petitioner failed to request a hearing before an impartial hearing officer appointed by the local Board of Education under Education Law § 4404 (1) and 8 NYCRR 200.5 (c). Had petitioner done so, he would have triggered the administrative machinery necessary for the relief requested and he could have compelled the Commissioner to provide his admittedly handicapped daughter with a suitable placement within or without the State. Instead, petitioner instituted this article 78 proceeding prematurely to compel acceptance of the Brown School in Texas as an appropriate placement and to reimburse him for his already incurred expenses or to compel his daughter's immediate placement in another suitable facility. In so doing, he has not exhausted the appropriate administrative procedures, which are indispensable for adequate judicial review, and his proceeding must, therefore, be dismissed *(see, Riley v Ambach,* 668 F2d 635; *Lombardi v Ambach,* 522 F Supp 867).

We find Special Term's reliance on *Usen v Sipprell* (41 AD2d 251) to be misplaced. *Usen* has no application to this proceeding, since that decision predated the EHA. The judgment appealed from, insofar as it partially denied the Commissioner's motion to dismiss the petition, should be reversed and the petition should be dismissed in its entirety.

MAHONEY, P. J., KANE, MIKOLL and LEVINE, JJ., concur.

Judgment modified, on the law, without costs, by reversing so much thereof as partially denied the motion to dismiss the petition; motion granted in its entirety and petition dismissed, without prejudice to the commencement of a new proceeding in the event that the appropriate administrative review procedures are no longer available to petitioner; and, as so modified, affirmed.