■ In the Matter of JOHN PELOSE et al., on Behalf of BRIAN PELOSE, an Infant, Respondents, for Review of a Determination of BISHOP GRIMES JR./SR. HIGH SCHOOL, Appellant, Dismissing the Infant from any Future Attendance at Said High School Relating to the Provisions of Education Services to a Child with a Disability. [885 NYS2d 816]—

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (James P. Murphy, J.), entered February 3, 2009 in a CPLR article 78 proceeding. The judgment, inter alia, granted the petition.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the cross motion is granted and the petition is dismissed.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking review of the determination to expel their son from respondent school. According to petitioners, respondent failed to undertake certain mandatory procedures related to the individualized education plan established for petitioners' son. Supreme Court granted the petition and vacated the expulsion. The court also denied respondent's cross motion seeking to dismiss the petition, based on respondent's failure to await a manifestation review prior to expelling petitioners' son (*see* 8 NYCRR 201.4; *see also* Education Law § 4402 [1] [b] [3] [j]; § 4404 [1] [a]). The court relied on Education Law § 3602-c and the decision of the Court of Appeals in *Board of Educ. of Monroe-Woodbury Cent. School Dist. v Wieder* (72 NY2d 174 [1988]) in concluding that petitioners' son could not be expelled until such review was held. We now reverse, inasmuch as petitioners failed to exhaust their administrative remedies pursuant to the Education Law prior to seeking judicial review, and "the court has no discretionary power to reach this issue" (*Matter of Nelson v Coughlin*, 188 AD2d 1071, 1071 [1992], *appeal dismissed* 81 NY2d 834 [1993]; *see generally Matter of Semel v*

*Ambach*, 118 AD2d 385, 388 [1986]). Pursuant to Education Law § 4404 (1), petitioners were entitled to file a complaint and to have an impartial hearing officer review their complaint at a hearing. The determination of the hearing officer would then be appealable to a "state review officer" (§ 4404 [2]). Only after those two administrative procedures were exhausted would petitioners be permitted to maintain a special proceeding in Supreme Court (§ 4404 [3] [a]).

Were we to reach the merits, we nevertheless would conclude that reversal is required. Education Law § 3602-c (2) (a) provides in relevant part that "[b]oards of education of all school districts of the state shall furnish services to students who are residents of this state and who attend nonpublic schools located in such school districts, upon the written request of the parent[s] . . . ." "[S]uch request[s] shall be reviewed by the committee on special education of the school district of location, which shall . . . assure that special education programs and services are made available to students with disabilities attending nonpublic schools located within the school district on an equitable basis" (§ 3602-c [2] [b] [1]). Nothing in section 3602-c mandates that a nonpublic school such as respondent provide *any* services to students. Rather, that statute places the relevant mandates on the public school district in which the nonpublic school is located to provide services to students attending the nonpublic school (*see* § 3602-c [2] [a]; *see also* 20 USC § 1412 [a] [10]). The decision of the Court of Appeals in *Board of Educ. of Monroe-Woodbury Cent. School Dist.* supports that conclusion. In that case, the Court of Appeals addressed the issue of *"where* the [special] services [for disabled children] are to be offered—whether in the public schools, or in the religiously affiliated private schools" (72 NY2d at 178). The Court of Appeals held that Education Law § 3602-c "does not mandate that a [school] board can provide special services to private school [disabled] children only in regular classes and programs of the public schools, and not elsewhere" (*id.* at 183). It is implicit from the decision in *Board of Educ. of Monroe-Woodbury Cent. School Dist.* that such services are provided by public rather than nonpublic schools. Thus, the reliance by the court on Education Law § 3602-c and that case is misplaced.

Even assuming that the court instead intended to rely on article 89 of the Education Law, including section 4404, and the relevant provisions of the Individuals with Disabilities Education Act (IDEA) governing the appeal procedures for complaints concerning manifestation determinations (*see* § 4404 [1] [a]; 20 USC § 1415 [k] [3]), we conclude that such provisions apply to public school districts and not to respondent, a nonpublic school

(*see generally St. Johnsbury Academy v D.H.*, 240 F3d 163, 171-172 [2001]). Indeed, the central purpose of the IDEA (*see* 20 USC § 1400 [d] [1] [A]) and article 89 of the Education Law (*see generally* § 4401 [1]) is to afford a "public" education for children with disabilities. Thus, we conclude that respondent was not required either to undertake or to await the outcome of a manifestation review prior to expelling petitioners' son. Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.